**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT LEE SMITH,

      Plaintiff,

v.                                                 Case No. 08-CV-10541-DT

MARTHA DAUGHTREY,

      Defendant.
                                        /

**OPINION AND ORDER DENYING PLAINTIFF'S
"PETITION FOR MOTION FOR RECONSIDERATION"**

Pending before the court is Plaintiff Robert Lee Smith's *pro se* "Petition for Motion for Reconsideration," filed on February 25, 2008. Plaintiff requests reconsideration of the court's February 19, 2008 "Opinion and Order Granting Plaintiff's Application to Proceed *In Forma Pauperis* and Dismissing Case." For the reasons set forth below, Plaintiff's motion will be denied.

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

In his motion for reconsideration, Plaintiff primarily re-alleges the allegations that he raises in his complaint, namely that Defendant Martha Daughtrey, a judge on the

United States Court of Appeals for the Sixth Circuit, violated Plaintiff's constitutional rights by failing to respond to Plaintiff's February 9, 2007 writ of mandamus. (Pl.'s Mot. at 1.) A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

Plaintiff then submits the following reasons why the court should grant his motion for reconsideration:

> JUDGE MARTHA DAUGHTREY IS NOT ABOVE THE LAW, THE JUDGE IS COMMANDANT [sic] BY LAW TO ACT.
>
> THE PETITIONER STATES HIS U.S. CONSTITUTIONAL RIGHTS & CIVIL RIGHTS HAVE BEEN VIOLATED.
>
> PETITIONER SMITH PRAYS AND REQUEST[S] THAT THE JUDGMENT OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION TO GRANT [sic] HIS MOTION FOR RECONSIDERATION, AND ALLOW HIS CASE TO BE HEARD IN FRONT OF A GRAND JURY.

(Pl.'s Mot. at 3.)

Plaintiff fails to "demonstrate a palpable defect by which the court and the parties have been misled." *Lockett*, 328 F. Supp. 2d at 684. The court has previously considered these claims and concluded that "[t]he allegations against Defendant are frivolous and fail to state a claim because judges enjoy absolute immunity from damages liability for actions taken in their judicial capacity." (2/19/08 Order at 2 (citing *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Stump v. Sparkman*, 435 U.S. 349 (1978)).) Because Plaintiff's motion merely presents argument that the court has already taken

2

into account in making its decision, the court will deny Plaintiff's motion. *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski*, 967 F. Supp. at 952. Accordingly,

IT IS ORDERED that Plaintiff's "Petition for Motion for Reconsideration" [Dkt. # 5] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: April 25, 2008

I hereby certify that a copy of the foregoing document was mailed to Robert Smith, Jr. and counsel of record on this date, April 25, 2008, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522